FILED
2005 May-25  PM 03:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| BRENDA SUE LANDRUM, | ] |
| Plaintiff(s), | ] |
| vs. | ] CV05-CO-01055-J |
| MERCK & COMPANY, INC., | ] |
| Defendant(s). | ] |

OPIONION

On May 23, 2005, defendant Merck & Co., Inc., removed this action from the Circuit Court of Walker County, Alabama.  Merck contends this court has diversity jurisdiction because the amount in controversy exceeds $75,000 ,exclusive of costs and interest, and the alleged Alabama citizenship of the remaining defendants, former Merck sales representatives, must be ignored for removal purposes since these defendants are fraudulently joined. [Doc. 1]. Merck included affidavits from three sales representatives denying the allegations of the complaint. Id. The sales representative defendants, Robert Wall, Gary Harlan, Angela Finch, Matthew King, Patricia Aiken, and Sonya Coley, filed motions to dismiss the claims against them

simultaneously with Merck's removal. [Doc. 3-8]. Merck also filed a motion to stay all proceedings in this action pending transfer by the Judicial Panel on Multidistrict Litigation to In re Vioxx Products Liability Litigation (MDL-1657). [Doc. 10].

The plaintiff, Brendan Sue Landrum, responded with an "Emergency Motion to Remand" on May 24, 2005, arguing that federal courts in this district and elsewhere in Alabama have repeatedly held that in-state pharmaceutical sales representatives are not fraudulently joined. [Doc. 12]. In her complaint filed in the Circuit Court of Walker County, Alabama, Plaintiff alleged that the sales representative defendants negligently, recklessly, intentionally and fraudulently made material representations that Vioxx was safe and effective. [Doc. 1, Ex. A]. In Count 1 of her complaint, Plaintiff alleged a claim under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD). In remaining counts, she claims failure to warn (Count 2), breach of the warranty of merchantability (Count 3), negligence (Count 4), wantonness (Count 5), fraudulent misrepresentation (Count 6), and fraudulent suppression (Count 7). The claims, facts, and arguments asserted in this case are nearly identical to

those in *Marshand v. Wyeth, et al.*, CV-03-CO-319 5-W (N.D. Ala. 2004). The differences are not material to the consideration of the pending motions in this case. The court by reference adopts the analysis set forth in that opinion.

The court is of the opinion that it does not have diversity jurisdiction in this action. This case will be remanded to the Circuit Court of Walker County, Alabama. A separate order will be entered.

Done this 25th day of May 2005.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
130122